[Cite as *Toledo v. Files*, 2018-Ohio-1325.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo             Court of Appeals No. L-17-1189

     Appellee                              Trial Court No. CRB-17-05578

v.

Dorien D. Files                          **DECISION AND JUDGMENT**

     Appellant                             Decided:  April 6, 2018

* * * * *

David Toska, City of Toledo Chief Prosecutor, and
Henry Schaefer, Assistant Prosecutor, for appellee.

Brad F. Hubbell, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Dorien Files, appeals the July 12, 2017 judgment of the Toledo Municipal Court which, following a trial to the court, found appellant guilty of assault and domestic violence and sentenced him to 180 days in jail.  Because we find that his conviction was supported by sufficient evidence and was not against the weight of the evidence, we affirm.

**{¶ 2}** On May 8, 2017, appellant was charged with one count of assault, R.C. 2903.13(A), a first-degree misdemeanor. On the same day, appellant was also charged with one count of domestic violence, R.C. 2919.25(A). The charges stemmed from an incident involving appellant and the mother of his three children; the victim-complainant stated that appellant kicked and hit her and she sustained bruising on her face. On May 31, 2017, appellant was charged with falsification, R.C. 2921.13(A)(3), due to the information he provided while police were attempting to serve the arrest warrant. On May 31, 2017, the cases were consolidated.

**{¶ 3}** The matter proceeded to a trial to the court on July 12, 2017. Appellant, the victim, and the victim's niece testified. The victim stated that appellant asked for her car keys and she refused, so appellant began to hit her with her keys on her arm, legs, stomach, and face. The victim testified that she photographed the bruising and the photos were admitted into evidence. She did not seek medical attention and did not call the police. The victim stated that a few days following the incident she went to the police station and filed a report.

**{¶ 4}** The victim's niece testified that she was at the house on the date of the incident. She testified that appellant was angry because the victim would not let him have her car keys. The niece stated that appellant then began to hit the victim and pull her hair. The niece stated that appellant hit the victim with his hand and a broken chair leg. The niece testified that she observed bruising on the victim approximately one week

2.

following the incident. After the close of the state's case, appellant moved for a judgment of acquittal under Crim.R. 29, the motion was denied.

{¶ 5} During appellant's testimony he admitted that he lived with the victim and that they had three children together. Appellant denied the incident and testified that he believed that the victim lied because she was jealous of his relationships with other women. Appellant testified that the victim was likely "coerced" by her family to file the police report. Appellant again moved for acquittal and the motion was again denied.

{¶ 6} The trial court found appellant guilty of the assault and domestic violence charges; the falsification charge was dismissed. The court found that the counts merged for sentencing and ordered appellant to serve 180 days in jail. Appellant then commenced this appeal and raises the following assignment of error:

> Did the trial court err when it found Mr. Files guilty because the evidence was insufficient to support the finding and the finding was not sustained by the manifest weight of the evidence?

{¶ 7} It is well-established that when assessing sufficiency of the evidence claims, an appellate court must consider whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. When assessing whether a conviction is against the manifest weight of the evidence, the appellate court must review the record, weigh the evidence and all reasonable inferences, consider witness credibility and decide

3.

whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way so as to cause a manifest miscarriage of justice. *State v. Prescott*, 190 Ohio App.3d 702, 2010-Ohio-6048, 943 N.E.2d 1092, ¶ 48 (6th Dist.).

{¶ 8} R.C. 2903.13(A), assault, provides that, "[n]o person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." The domestic violence statute, R.C. 2919.25(A), similarly provides: "No person shall knowingly cause or attempt to cause physical harm to a family or household member."

{¶ 9} As set forth above, testimony was presented that appellant hit the victim and caused injury. Though there were inconsistencies as to the precise cause of the injuries, whether it was keys and/or a chair leg and appellant's hand, the court chose to believe that appellant was the perpetrator. Further, appellant testified that he lived with the victim and was the father of her three children.

{¶ 10} Reviewing the evidence presented at trial, we find that the verdict was supported by sufficient evidence and we cannot say that the trial court lost its way in resolving the conflicts in the evidence. Appellant's assignment of error is not well-taken.

{¶ 11} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Toledo Municipal Court is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

4.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.      _____
                                                          JUDGE

Thomas J. Osowik, J.            

                                                _____
James D. Jensen, J.                                            JUDGE
CONCUR.

                                                           _____
                                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.